UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America ,

    Plaintiff,

v.                                            Case No. 15-20487

Jabron Thomas,                                Sean F. Cox
                                          United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
RE: DEFENDANT'S MOTION IN LIMINE - SEEKING TO EXCLUDE
PHOTOGRAPHS (D.E. NO. 35)**

The instant action involves Defendant Jabron Thomas' ("Defendant") alleged robbery of a Huntington Bank in Redford, Michigan. At trial, one of the central issues will pertain to identification of the suspected bank robber. This matter is currently before the Court on Defendant's Motion in Limine, seeking to exclude photographs of Defendant. The motion has been fully briefed by the parties. The Court heard oral argument on this motion on December 9, 2015. For the reasons set forth below, the Court shall DENY Defendant's motion WITHOUT PREJUDICE.

**BACKGROUND**

On July 14, 2015, a Huntington Bank in Redford, MI, was robbed. Video surveillance and witness statements indicated that the suspect was a black male who approached bank tellers and displayed a handgun on the counter. The suspect appeared to be wearing a black hat with a white English "D," a black hoodie, and brown shorts. The suspect gestured to the tellers to provide him money from the money drawer. As the suspect was leaving the bank, he looked into

1

a concealed camera that captured an image of his face.  The video surveillance shows the suspect fleeing in an older model blue or black Oldsmobile or four-door Buick.  Upon releasing surveillance images of the robbery to various media outlets, law enforcement agents allegedly received numerous tips about the identification of the alleged bank robber.  Subsequently, on July 18, 2015, officers went to Defendant's place of employment, Rite Touch Auto.  Defendant allegedly attempted to conceal himself in an interior office in order to avoid detection.  After being ordered to come out, Defendant was arrested by the Redford Police.  A search of the office revealed a handgun, which officers claim looked like the same silver handgun used during the robbery.

## ANALYSIS

**I.     Defendant's Motion, Seeking To Exclude Facebook Photos Of Defendant (D.E. No. 35)**

Defendant seeks to exclude photographs that agents obtained from his facebook page on the basis that the photos are irrelevant, or alternatively, more prejudicial than probative.  Specifically at issue are photographs of Defendant wearing a baseball cap with an English "D" on it, and photos of Defendant wearing a Rite Touch Auto shirt.  Defendant contends that the photographs are irrelevant because they do not contain evidence that depict any connection to the bank robbery.

In its Response and at oral argument, the Government contends that the photographs show what Defendant looks like in a hat, which makes them relevant to the question of whether or not Defendant is the individual shown in the surveillance footage of the bank robbery.

**1.     Relevance**

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 401 ("FRE 401"). The evidentiary threshold set forth in FRE 401 is low and the Government appears to have met this threshold.

In support of his position, Defendant points out that the photographs do not depict evidence that connect him to the robbery because neither the hat in the photo or Rite Touch Auto shirt were worn by suspected bank robber. Defendant seems misconstrue the standard set forth in FRE 401. Because one of the central issues at trial is anticipated to revolve around the identity of the suspected bank robber, the photographs of Defendant are relevant in resolving this issue. In other words, the photographs have a tendency to make, more or less probable, the fact that Defendant could be the bank robber depicted in the surveillance footage. This fact is of consequence in determining Defendant's guilt or innocence.

2.     **FRE 403 Balancing Test**

Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Here, Defendant appears to be arguing that photographs of himself in a baseball cap are far more prejudicial than probative. Defendant contends that the photographs serve to mislead the jury and confuse the issues by leaving the impression that Defendant is wearing the same English "D" cap as the bank robber, when in fact the cap is different. Defendant points out that

the stitching on the hat in the photographs is different than the stitching on the hat in the surveillance footage.

At oral argument, the Government maintained that the photographs of Defendant in a hat are far more probative than prejudicial. The Government stressed the fact that the suspect's face in the video surveillance footage is partially concealed by a hat. The Government concludes that the photographs will provide the jury with an opportunity to see what the Defendant looks like in a hat similar to the one worn by the suspected robber.

The Court declines to rule on the admissibility of the challenged photographs at this time, and shall accordingly deny Defendant's motion without prejudice. Because trials are dynamic, the Court shall wait to see how the proofs play out, and whether and how, the Government proposes to use the photographs, before making any ruling as to their admissibility.

## CONCLUSION & ORDER

For the reasons set forth above, it is ordered that Plaintiff's Motion in Limine (D.E. No. 35) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox, United States District Judge

Dated:  December 10, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager