UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                         Case No. 15-20487

Jabron Thomas,                             Sean F. Cox
                                       United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER
RE: DEFENDANT'S MOTION IN LIMINE - SEEKING EXCLUSION OF IN-COURT
IDENTIFICATION (D.E. NO. 35)**

The instant action involves Defendant Jabron Thomas's ("Defendant") alleged robbery of a Huntington Bank in Redford, Michigan. At trial, one of the central issues will be identification of the suspected bank robber. This matter is currently before the Court on Defendant's Motion in Limine, seeking to exclude in-court identifications of Defendant. The motion has been fully briefed by the parties. The Court heard oral argument on this motion on December 9, 2015. For the reasons set forth below, the Court shall GRANT Defendant's motion to the extent that the Court shall conduct an evidentiary hearing on December 14, 2015, to determine whether the identifications are reliable under a totality of the circumstances.

**BACKGROUND**

On July 14, 2015, a Huntington Bank in Redford, MI, was robbed. Video surveillance and witness statements indicated that the suspect was a black male who approached bank tellers and displayed a handgun on the counter. The suspect appeared to be wearing a black hat with a white English "D," a black hoodie, and brown shorts. The suspect gestured to the tellers to

provide him money from the money drawer. As the suspect was leaving the bank, he looked into a concealed camera that captured an image of his face. The video surveillance shows the suspect fleeing in an older model blue or black Oldsmobile or four-door Buick. Upon releasing surveillance images of the robbery to various media outlets, law enforcement agents allegedly received numerous tips about the identification of the alleged bank robber. Subsequently, on July 18, 2015, officers went to Defendant's place of employment, Rite Touch Auto. Defendant allegedly attempted to conceal himself in an interior office in order to avoid detection. After being ordered to come out, Defendant was arrested by the Redford Police. A search of the office revealed a handgun, which officers claim looked like the same silver handgun used during the robbery.

Redford police interviewed two bank tellers and a customer shortly after the bank robbery. The witnesses provided the officers with descriptions of the alleged suspect. The officers did not conduct a line up or a photo array.

## ANALYSIS

**I.     Defendant's Motion, Seeking To Exclude In-Court Identifications Of Defendant (D.E. No. 35)**

Defendant asks the Court to preclude the in-court identification of Defendant by three eyewitnesses of the bank robbery. Defendant alleges that an in-court identification of him without a prior identification violates his Due Process rights. Specifically, Defendant argues that the in-court identifications would be unduly suggestive because he will be the only African-American defendant sitting at Counsel's table. Defendant compares this to a "one man show up." Accordingly, Defendant seeks an evidentiary hearing in order for the Court to determine whether the identification was reliable under a totality of the circumstances.

In response, the Government points out that a defendant has no constitutional right to either a line-up or photo array. Moreover, the Government contends that the Due Process Clause is only implicated in situations where a pretrial identification involved official misconduct. Thus, the Government maintains that Due Process is not triggered in situations where a trial witness has not made any pretrial identification.

### A.    Due Process

Due Process affords a criminal defendant protection "against the introduction of evidence that results from an unreliable identification obtained through unnecessarily suggestive procedures." *Roberts v. Bell*, No. 08-CR-13362, 2013 WL 5448933, at * 3 (E.D. Mich Oct. 6, 2015) (citing *Moore v. Illinois*, 434 U.S. 220, 227 (1977)). A pre-trial procedure is unconstitutional if "the confrontation conducted… was so unnecessarily suggestive and conducive to irreparable mistaken identification that [the Defendant] was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967). To put it more succinctly: "[i]t is the likelihood of misidentification which violates a defendant's right to due process." *Neil v. Biggers*, 409 U.S. 188, 198 (1972). For this reason, "[s]uggestive confrontations are disapproved…" *Id*.

A two-step analysis applies in determining whether or not identification evidence is admissible. The first step requires the defendant to show that the pre-trial identification procedure was impermissibly suggestive. *U.S. v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992). If the defendant meets this initial burden, the second step requires the trial court to determine whether, under a totality of the circumstances, the testimony was nonetheless reliable and therefore admissible. *Id*. Five factors are relevant in determining reliability: "(1) the opportunity to view

the perpetrator during the crime; (2) the witness's degree of attention to the perpetrator; (3) the accuracy of the witness's prior descriptions of the perpetrator; (4) the level of certainty demonstrated by the witness when identifying the suspect; and (5) the length of time between the crime and the identification." *Id.* (quoting *Biggers*, 409 U.S. at 199-200). These factors are to be weighed against "the corrupting effect of the suggestive identification itself." *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). "'As long as there is not a substantial likelihood of misidentification, it is the function of the jury to determine the ultimate weight to be given to the identification.'" *Id.* (quoting *U.S. v. Causey*, 834 F.2d 1277, 1285 (6th Cir. 1987)).

The Sixth Circuit in *Hill* has extended the *Biggers* analysis to situations where, as here, the Government seeks an in-court identification of a defendant by an eyewitness who has never before positively identified the defendant in person. *Hill*, 967 F.2d at 232. The Sixth Circuit's reasoning is instructive:

> We hold that the *Biggers* analysis applies to such in-court identifications for the same reasons that the analysis applies to impermissibly suggestive pretrial identifications. The due process concerns are identical in both cases and any attempt to draw a line based on the time the allegedly suggestive identification technique takes place seems arbitrary. All of the concerns that underlie the *Biggers* analysis, including the degree of suggestiveness, the chance of mistake, and the threat to due process are no less applicable when the identification takes place for the first time at trial.

*Id*.

Since *Hill*, the Supreme Court has clarified that Due Process "does not require a preliminary judicial inquiry into the reliability of an eyewitness identification when the identification was not procured under unnecessarily suggestive circumstances *arranged by law enforcement*." *Perry v. New Hampshire*, 132 S.Ct. 716, 718 (2012) (emphasis added).

The Government contends that *Perry* has invalidated the holding in *Hill*. Thus, the Government maintains that because there has been no pretrial identification, there can be no Due Process violation. The Court disagrees. In *Perry*, the issue was whether or not due process prohibited the introduction of an *out-of-court* identification at trial. *Id.* at 718. The court concluded that "[w]hen no improper law enforcement activity is involved… it suffices to test reliability through the rights and opportunities generally designed for that purpose, notably the presence of counsel at post-indictment lineups, vigorous cross-examination, protective rules of evidence, and jury instructions on both the fallibility of eyewitness identification and the requirement that guilt be proved beyond a reasonable doubt." *Id.* at 721. The facts in *Perry* are distinguishable in that they involved an out-of-court identification, whereas the facts in *Hill* did not. The Sixth Circuit's holding in *Hill* makes clear that there are two different types of identifications: in-court identifications made for the first time at trial, and out-of-court identifications introduced at trial. The Court reads *Perry* as applying only to the latter.

In support of its position that the Due Process Clause applies *only* when there exists allegations of police misconduct relating to pretrial identification, the Government relies on the holdings of several *post-Perry* cases – all of which are not binding and most of which are factually distinguishable. The Government argues that, with respect to Due Process, these cases are concerned with police conduct. The Government believes that *Perry* bars an application of the Due Process Clause here because there has been no pre-trial identification improperly procured by law enforcement. The Government is correct in that there has been no pre-trial identification of Defendant by the witnesses to be called. With that said, allegations of police misconduct with respect to pre-trial identification procedures would have been impossible here.

The Government's argument ignores the factual differences between *Perry* and *Hill*. The Supreme Court in *Perry* did not make a ruling on the issue that was before the court in *Hill*: whether or not Due Process required the suppression of an *in-court identification made for the first time* at trial. *See Hill*, 967 F.2d. at 232. The Court reads *Perry* as applying to situations in which an out-of-court identification has occurred. Moreover, the Government's reliance on *U.S. v. Whatley*, 719 F.3d 1206 (11th Cir. 2013) wholly disregards *Hill*.

Ultimately, it appears that *Perry's* holding does not apply to a situation where, as here, no pre-trial identification procedure took place. To err on the side of caution, and because the Court does not believe that *Hill* has been invalidated by *Perry*, the *Biggers* two-prong analysis shall be applied to the case at hand. As the Sixth Circuit did in *Hill*, this Court assumes, without deciding, that for purposes of this case, the in-court identification by these witnesses would be impermissibly suggestive. Thus, the Court will hold an evidentiary hearing so that it can proceed to the second step of the *Biggers* inquiry and determine whether, under the totality of the circumstances, the testimony of each of the three witnesses at issue is nonetheless reliable.

## CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendant's Motion in Limine to the extent that an evidentiary hearing shall be held on **December 14, 2015.**

**IT IS SO ORDERED**.

                S/Sean F. Cox
                Sean F. Cox, United States District Judge

Dated:  December 10, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2015, by electronic and/or ordinary mail.

                S/Jennifer McCoy
                Case Manager