UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                                Criminal Case No. 15-20487
                                                Civil Case No. 19-13421

Jabron Thomas,                               Sean F. Cox
                                                United States District Court Judge

    Defendant/Petitioner.
_____/

## OPINION AND ORDER DENYING THOMAS'S MOTION UNDER 28 U.S.C. § 2255 AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Acting *pro se*, Petitioner Jabron Thomas filed this habeas petition pursuant to 28 U.S.C. § 2255[1], asserting that he is entitled to relief from his convictions for one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Thomas argues that he is entitled to relief because the Supreme Court recently invalidated § 924(c)(3)'s residual clause as unconstitutionally vague. *See United States v. Davis*, 139 S.Ct. 2319, 2324 (June 24, 2019). Because the files and records of the case conclusively show that Thomas is not entitled to habeas relief, an evidentiary hearing is not necessary and the matter is ripe for the Court's decision. For the reasons below, the Court will deny the motion and decline to issue a certificate of appealability.

---

[1] Although Thomas never specifically invokes § 2255, he asks the Court to vacate his sentence and cites § 2253(c)(2), which outlines the threshold for the issuance of a certificate of appealability from a § 2255 proceeding. (ECF No. 111, PageID 1623). Thus, the Court construes his motion as being brought under § 2255.

## BACKGROUND

On December 21, 2015, a jury convicted Thomas of one count of armed bank robbery, one count of using a firearm in relation to a crime of violence, and one count of being a felon-in-possession of a firearm. (ECF No. 65). On May 11, 2019, the Court sentenced Thomas to a total term of imprisonment of 180 months. (ECF No. 90).

On appeal, the United States Court of Appeals for the Sixth Circuit vacated Thomas's felon-in-possession conviction, finding that there was insufficient evidence to support that charge. (ECF No. 97). On remand, the Court re-sentenced Thomas to a total term of imprisonment of 162 months. (ECF No. 105).

On August 23, 2019, Thomas filed a motion to vacate his § 924(c) conviction in light of the Supreme Court's ruling in *Davis*. (ECF No. 111). In his motion, Thomas argues that he is entitled to relief "since this Petitioner's 924(c) count falls under the 924(c)(3)(B) residual clause, " which the *Davis* Court invalidated as unconstitutionally vague. (ECF No. 111, PageID 1623).

On September 26, 2019, the Government filed a response in opposition to Thomas's motion. The Government argues that the constitutionality of § 924(c)(3)'s residual clause is irrelevant to this case because Thomas's underlying predicate offense—armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d)—is a crime of violence under § 924(c)(3)'s elements clause and therefore still qualifies as a crime of violence.

On October 10, 2019, Thomas filed a reply to the Government's response.[2]

---

[2]The title of the document filed by Thomas on October 10, 2019 is "notice of appeal," which caused the Clerk of this Court to serve a copy of this document upon the Clerk of the Court for the Sixth Circuit. (ECF No. 114). The Sixth Circuit opened a case based on this "notice of appeal." *See United States of America v. Jabron Thomas*, Case No. 19-2231 (6th Cir. opened on Oct. 21, 2019). Although a notice of appeal usually deprives this Court of jurisdiction, a

**STANDARD OF REVIEW**

The Court construes Thomas's motion as being brought under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to § 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 Fed. App'x 73, 76 (6th Cir. 2003). When a defendant files a § 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285

---

review of this document clearly indicates that it is a reply. Moreover, the Sixth Circuit dismissed Thomas's "appeal" on November 19, 2019, acknowledging that "no merits decision [had yet] been entered by the district court."

F.2d at 735 (citations omitted).

## ANALYSIS

I.   **Armed Bank Robbery is a Crime of Violence under 18 U.S.C § 924(c)(3)'s Elements Clause**

18 U.S.C § 924(c) criminalizes the use or carrying of a firearm "during and in relation to any crime of violence." The statute defines a "crime of violence" as an offense that is a felony and "(A) has as an element the use, attempted us, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subpart (A) of this definition is known as the "elements clause," and subpart (B) is known as the "residual clause." *United States v. Davis*, 139 S.Ct. 2319, 2324 (June 24, 2019). In *Davis*, the Supreme Court held that § 924(c)(3)'s residual clause is unconstitutionally vague.

Thomas's argument that *Davis* entitles him to relief because he was sentenced under § 924(c)'s residual clause relies on a faulty premise: in fact, Thomas was not sentenced under the residual clause. His underlying crime of violence was armed bank robbery and, as the Sixth Circuit has recognized, "[a] necessary element of bank robbery is the use of 'force and violence' or 'intimidation.'" *United States v. Henry,* 722 Fed.App'x 496, 500 (6th Cir. 2018) (citing 18 U.S.C. § 2113(a)). Accordingly, armed bank robbery in violation of 18 U.S.C. 2113(a) and (d) qualifies as a crime of violence under § 924(c)(3)'s elements clause. *Id.; see also United States v. Jackson,* 918 F.3d 467, 486 (6th Cir. March 12, 2019) (recognizing that "§ 2113 bank robbery. . . constitutes a crime of violence. . . under § 924(c)'s elements clause."); *In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. July 31, 2019) (finding that a petitioner was not likely to show that *Davis* has invalidated his sentence because he had been convicted of armed bank robbery, which is a crime of violence

under the elements clause); *Johnson v. United States*, 774 Fed.App'x 334 (8th Cir. Aug. 1, 2019) (Mem.) (in a post-*Davis* case, holding that aiding and abetting bank robbery qualifies as a crime of violence under the elements clause); *United States v. Walker*, 2019 WL 4126557 at *2 (E.D. Mich. Aug. 30, 2019); *United States v. Kornacki*, 2019 WL 3530833 at *2 (E.D. Mich. Aug. 2, 2019). Thus, Thomas's § 924(c) conviction remains valid, even in the wake of *Davis*.

## II. Certificate of Appealability

For the reasons above, the Court concludes that Thomas is not entitled to habeas relief.

A certificate of appealability must issue before Thomas may appeal the Court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b).

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. As the Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Court has stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

Here, Thomas's § 2255 motion raised one argument for relief. The Court concludes that

5

reasonable jurists would not find the Court's assessment of Thomas's claim debatable or wrong. The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION AND ORDER

For the reasons stated above, the Court **DENIES** Thomas's § 2255 Motion.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY**.

**IT IS SO ORDERED**.

                                        s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: November 19, 2019