UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                              Criminal Case No. 15-20487

Jabron Thomas,                          Sean F. Cox
                                                                      United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Jabron Thomas ("Defendant") was convicted of bank robbery and a firearm offense and was sentenced to a total of 162 months of imprisonment. The matter is before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant was convicted of Bank Robbery, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d), and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). This Court sentenced Defendant to a total of 162 months of imprisonment. (*See* 11/29/17 Am. Judgment).

On March 15, 2021, Defendant filed his *pro se* Motion for Compassionate Release. (ECF No. 123).

Defendant is now forty years old. He is currently housed at FCI McKean and has a projected release date, with good time credit, of February 28, 2027. Defendant filed his Motion for Compassionate Release asserting that although he has already contracted COVID-19 and has recovered, he fears he could contract it again. Defendant also claims to still have some lingering COVID-19-related symptoms such as loss of smell and taste. (Def.'s Motion at 6). Defendant does not claim to have any health conditions that would place him at heightened risk for severe symptoms of COVID-19, if he were to contract it again.

The Government acknowledges that Defendant has met the exhaustion requirement. The Government opposes the motion on the merits, noting that Defendant does not claim to have any health conditions that place him at increased risk and that Defendant has already contracted the virus and recovered. The Government contends the motion should be denied based upon a consideration of the § 3553(a) factors.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

"An imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate

release request – whichever is earlier." *Jones, supra,* at 1106. Here, the Government acknowledges that Defendant has met the exhaustion requirement and, therefore, this Court may consider Defendant's motion.

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at * 1.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an

'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because the ongoing pandemic constitutes extraordinary and compelling circumstances.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir.

2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, Defendant does not claim to have any health conditions that place him at heightened risk of severe symptoms of COVID-19. Notably, Defendant has already contracted the virus and has recovered. Finally, the Bureau of Prisons is now receiving the COVID-19 vaccine and is in the process of administering it to staff and inmates. In light of all of this, this Court does not believe that Defendant has established extraordinary and compelling circumstances.

Moreover, this Court concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses *weigh strongly* against his release. Defendant was convicted of Bank Robbery, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d), and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). These are very serious and troubling offenses.

And the convictions in this cases were not an isolated event. Defendant has a lengthy criminal history. Indeed, he committed the offenses at issue in this case a little more than a year after his release from prison for a fifteen-year sentence for shooting man while committing a carjacking.

While Defendant has completed some programs during his incarceration, he has also

been disciplined for possession of a dangerous weapon (a knife) in prison. (*See* ECF No. 128-2).

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: June 4, 2021